
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Michael E. Hamm, formerly #15649, ) | |
| ) | |
| Plaintiff, ) | CA No. 0:05-2046-HMH-BM |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Lt. Riley, Sheriff DeWitt, Sgt. ) | |
| Edmund, Sgt. Sanders, Sgt. Mitchum, ) | |
| Captain Curry, and Henry B. Spradlin, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristol Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 of the District of South Carolina.[1] Michael E. Hamm ("Hamm"), a pro se state prisoner, asserts claims pursuant to 42 U.S.C. § 1983 against the Defendants. Magistrate Judge Marchant recommends granting the Defendants' motion for summary judgment. Hamm filed objections to the Report and Recommendation. After a review of Hamm's objections, the court adopts the Report and Recommendation of the Magistrate Judge and grants the Defendants' motion for summary judgment.

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1) (2006).

1

**I. FACTUAL BACKGROUND**

Hamm is currently incarcerated at the Ridgeland Correctional Institution in Ridgeland, South Carolina. While awaiting trial and sentencing on federal charges, Hamm was incarcerated at the Berkeley County Detention Center ("BCDC"). Hamm alleges numerous violations of his constitutional rights during his time at BCDC, including: (1) blacked out windows; (2) overcrowding; (3) lack of access to outside recreation or fresh air; (4) insufficient food portions; (5) lack of responses to his grievances concerning the conditions of the BCDC; and (6) restrictions on medical attention and daily hygiene. Hamm seeks injunctive relief and $40,000,000 in damages.

**II. DISCUSSION OF THE LAW**

**A. Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude

the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. The Report and Recommendation

Magistrate Judge Marchant recommends granting the Defendants' motion for summary judgment. First, the Magistrate Judge found that Hamm's claim for injunctive relief is moot because he is no longer incarcerated at BCDC. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (holding that claim for injunctive relief becomes moot when condition complained of no longer exists). Second, the Magistrate Judge found that Hamm's complaints that he received no response to the grievances he filed did not give rise to a constitutional violation. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Finally, the Magistrate Judge stated that the remainder of Hamm's claims for damages failed because they were generalized complaints regarding conditions at BCDC and lacked detail and support.

### C. Hamm's Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Hamm filed objections to the Report and Recommendation. After review, however, the court finds that the majority of Hamm's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely restate his claims. However, the court was able to glean two specific objections.

First, Hamm objects to the Magistrate Judge's finding that Hamm suffered no injury as a result of the overcrowding at the BCDC. (Objections 8.) In his Report and Recommendation, the Magistrate Judge acknowledged that the BCDC may have been overcrowded during the relevant time period, but found that because Hamm alleged no injury as a result of the overcrowding, "no viable § 1983 claim has been presented." (Report and Recommendation 21.) In his objections, Hamm alleges that he suffered from a rash that was the result of the overcrowded and unsanitary conditions at the BCDC, and that this rash constitutes an injury. (Objections 8.)

Hamm puts forth no evidence that the rash he suffered was caused by overcrowding at the BCDC. In his objections, Hamm hypothesizes that the rash could have been "from the filthy conditions and overcrowding." (Id.) In addition, Hamm states that "the defendant(s) have not produced evidence to disprove that this rash was not due to the overcrowding." (Id. 17.) However, without any evidence of actual harm to Hamm caused by the overcrowding at the BCDC, Hamm fails to demonstrate the existence of a constitutional deprivation sufficient to support his § 1983 claim. See Liles v. Camden County Dep't of Corr., 225 F. Supp. 2d 450, 459 (D.N.J. 2002) (holding a prisoner's claims that unsanitary shower conditions resulted in a rash insufficient to "demonstrate the existence of a serious constitutional deprivation"). Therefore, this objection is without merit.

Second, Hamm objects to the Magistrate Judge's finding that Hamm fails to demonstrate a constitutional violation regarding the medical care he received for his rash while at the BCDC. (Objections 17.) "The showing necessary to demonstrate that particular conduct by prison officials is sufficiently serious to constitute cruel and unusual punishment varies according to the nature of the alleged constitutional violation." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (internal quotation marks omitted). "In order to establish that [he] has been subjected to cruel and unusual punishment, a prisoner must prove (1) that the deprivation of a basic human need was *objectively* sufficiently serious, and (2) that *subjectively* the officials acted with a sufficiently culpable state of mind." Id. at 634 (internal quotation marks omitted).

Hamm may satisfy the second element by showing that the prison administration was deliberately indifferent to his medical needs. Id. "Deliberate indifference entails something more than mere negligence" but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. (internal quotation marks omitted). A prison official shows deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Finally, "[p]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. A prison official's duty under the Eighth Amendment is to ensure reasonable safety." Id. at 844 (internal quotation marks omitted).

5

Pursuant to this standard, Hamm fails to demonstrate that the medical care he received was constitutionally deficient. Henry Spradlin ("Spradlin"), a physician's assistant at the BCDC, stated in his affidavit that "[t]he medical staff conducts a daily sick call at 1:00 p.m. every weekday. This is when inmates who have submitted medical requests are seen if it is determined they require medical attention." (Def.s' Mot. Summ J. Ex. F (Spradlin Aff. ¶ 7).) In addition, Spradlin stated that as a result of his rash, Hamm was placed in quarantine for eight days and prescribed antibiotics and a medicated soap. (Id. Ex. F (Spradlin Aff. ¶¶ 8-10).)

In his objections, Hamm does not dispute that he received treatment for his rash, but argues that "six (6) weeks is not the proper time-frame to be seen for this rash." (Objections 17.) "In order to establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). The court finds that an unspecified rash does not rise to the level of a serious medical condition.

Additionally, "[d]eliberate indifference is a very high standard--a showing of mere negligence will not meet it." Id. Hamm failed to allege facts that, if true, would show the Defendants had the requisite subjective state of mind required by the deliberate indifference standard. Therefore, Hamm's objections are without merit. Based on the foregoing, the court adopts the Magistrate Judge's Report and Recommendation and adopts it herein.

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, docket no. 122, is granted.

**IT IS SO ORDERED.**


                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
May 7, 2007


**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.